IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| TERRELL PERRY; SHALESHIA PERRY; T.P., a minor by her father TERRELL PERRY; & T.P. Jr., a minor by his father TERRELL PERRY;<br><br>Plaintiffs,<br><br>v.<br><br>WATER WORLD WATER PARK,<br><br>Defendant. | ) ) ) ) ) CASE NO. 1:20-CV-123-ECM-SMD ) ) JURY TRIAL REQUESTED ) ) ) ) ) ) ) ) |

## COMPLAINT

**COMES NOW** the Plaintiffs, *pro se*, who hereby complain against the above-named Defendant, as set forth herein-below.

### I. JURISDICTION & VENUE

1.  Plaintiffs file this Complaint, institute these proceedings, and invoke the jurisdiction of this Court under and by virtue of 28 U.S.C. §§ 1331 and 1334 (a)(4), as an action arising under the Act of Congress known as Title II of the Civil Rights Act of 1964, (42 U.S.C. § 2000(a) and (b)(2) and 42 U.S.C. § 1981(a), et seq. to obtain equitable relief, the costs of suit, including reasonable damages suffered by the Plaintiffs, due to the Defendant's discrimination against Plaintiffs.

2.  Venue is proper in the Southern Division of the Middle District of Alabama, since the alleged discriminating action of Defendant occurred in Houston County, Alabama.

1

## II. PARTIES

4.      The Plaintiffs Terrell Perry, Shaleshia Perry, and their minor children T.P. and T.P. Jr., are citizens of the United States and a resident of Montgomery County, Alabama. Plaintiffs Terrell Perry and Shaleshia Perry are above the age of nineteen years old. Plaintiffs T.P. and T.P. Jr. are minor children and bring this complaint by their father, Terrell Perry. The Plaintiffs are sometimes hereinafter referred to collectively as "the Perry family."

5.      The Defendant, Water World Water Park (hereinafter "Defendant" or "Water World"), is a business entity that is operating a water park in Houston County, Alabama.

## III. STATEMENT OF FACTS

6.      Plaintiffs are African-Americans.

7.      On June 27, 2019, the Perry family traveled approximately eighty-five (85) miles from Union Springs, Alabama to Dothan, Alabama to enjoy a family day together at Water World.

8.      After arriving at Water World, the Perry family purchased tickets to enter the park at a cost of $36.00 and paid an additional $6.00 to rent two tubers.

9.      The Perry family were in the pool for approximately ten (10) minutes or less when an employee or agent of Water World approached Mrs. Perry and demanded she exit the pool.

10.     At the time she was in the pool, Ms. Perry was wearing a t-shirt with a swimsuit underneath. A Caucasian woman was in the pool at the same time wearing a t-shirt. The Caucasian woman was allowed to stay in the pool, but Ms. Perry was not.

Ms. Perry asked that her children, minors T.P. and T.P. Jr., be allowed to continue to swim since the main purpose of the family's trip was to allow their children to enjoy the pool. However, the children were not allowed to continue to swim.

11. Mrs. Perry requested that her money be refunded and a Water World security guard replied "we took that." As a result of Water World's actions, Mr. and Mrs. Perry drove all the way to Dothan to provide family entertainment for their children, but, after paying for said public accommodation, were denied the right by Water World to access and use said public accommodation.

12. The Perry family avers that Water World is engaged in a pattern and practice of race discrimination and racial profiling. It is believed that two weeks prior to the Perry family's incident at Water World, another African-American, namely Makesha M. Maynor, alleged on Water World's Facebook page that she had been racially discriminated against in the exact same manner, and under the exact same circumstances, as the Perry family.

13. The Perry family avers that Caucasian women were allowed to dress inappropriately, and enter the swimming pool as such, in violation of Water World's dress code, while African-Americans are held to a stricter standard.

14. As a result of Water World's actions, the Perry family felt belittled, demeaned, humiliated, and racially profiled for being told to leave Water World, a public accommodation, while Caucasian guests similarly attired were not bothered. Water World's actions have caused the Perry family considerable mental and emotional anguish.

## IV. PLAINTIFFS' FIRST CAUSE OF ACTION

## VIOLATION OF TITLE VII OF 42 U.S.C. § 2000(A) AND (B)(1) FOR RACE DISCRIMINATION IN A PLACE OF PUBLIC ACCOMODATION

15. Plaintiffs repeat, reallege and incorporate by reference paragraphs 1 through 14 above, the same as if more fully set forth herein, and further aver that the Defendant's actions toward the Plaintiffs violated Plaitniffs' right to be free of racial discrimination in public accommodations, in violation of Title II and 42 U.S.C. § 2000(a) and (b)(2).

16. Plaintiffs aver that the Defendant was engaged in interstate commerce and in the practice of selling goods as a public accommodation.

17. Plaintiffs also aver that the Defendant has developed a method of operation, an atmosphere, and a reputation that have often been unfriendly and/or openly hostile to African-American customers, even though African-American customers frequently purchase goods and services there.

18. Upon information and belief, the Plaintiffs aver that no Caucasian customers are treated similarly. Plaintiffs aver that the Defendant's actions were representative of, or a part and parcel of, a pattern and practice of rude and unequal treatment accorded by the Defendant to its African-American customers, as opposed to its different and better treatment accorded to Caucasian customers.

19. As a proximate cause of Defendant's afore-described actions in discriminating against the Plaintiffs, due to their African-American race, the Plaintiffs were injured and damaged, as set forth in paragraphs 1 through 14 above. In addition, the Plaintiffs have suffered considerable mental and emotional anguish.

## **PRAYER FOR RELIEF**

**WHEREFORE, PREMISES CONSIDERED,** the Plaintiffs respectfully pray that this Court will issue a declaratory judgment that the Defendant violated the provisions of Title II of the Civil Rights Act of 1964 via race discrimination practiced against African-American customers and will issue an injunction enjoining and prohibiting them from continuing in said violation and discrimination.

## V. PLAINTIFFS' SECOND CAUSE OF ACTION

### VIOLATION OF TITLE VII OF 42 U.S.C. § 1981 FOR RACE DISCRIMINATION AND RACIAL PROFILING

20. Plaintiffs repeat, reallege and incorporate by reference paragraphs 1 through 14 above, the same as if more fully set forth herein, and further aver that the Defendant's actions toward the Plaintiffs violated their right to be free of racial discrimination 42 U.S.C. § 1981, et seq.

21. The Plaintiffs are African-Americans but are all native-born citizens of the United States of America and residents of the State of Alabama.

22. The Defendant and its agents intentionally and deliberately discriminated against the Plaintiffs and profiled them on the basis of their African-American race.

23. Plaintiffs aver that Defendant denied them the right to make and enforce contracts on the same basis as white customers, when Defendant demanded the Perry family exit the pool and refused to return their money.

24. As a proximate cause of Defendant's afore-described actions in discriminating against the Plaintiffs, due to their race, Plaintiff was injured and damaged, as set forth in paragraphs 1 through 11 above. In addition, the Plaintiffs have suffered considerable mental and emotional anguish.

## **PRAYER FOR RELIEF**

**WHEREFORE, PREMISES CONSIDERED,** the Plaintiffs respectfully prays that this Court grant the following relief:

a) Judgment declaring that the Defendant discriminated against the Plaintiffs, on the basis of their race;

b) An award of compensatory damages, including for mental anguish, to which the Plaintiffs may be entitled;

c) An award of punitive damages, due to the egregious nature of the race discrimination practiced against the Plaintiffs so openly tolerated, ratified and acquiesced in by the Defendant;

d) An award of all court costs and fees, including those incurred for seeking administrative relief; and

e) Such further, other and different relief as the Court may deem appropriate and necessary.

## V. JURY DEMAND

Plaintiffs hereby request trial by jury on all issues so triable.

Respectfully submitted this 21 day of February 2020.

_____
Shaleshia Perry, pro se.

_____
Terrell Perry, pro se.

Plaintiffs, on behalf of themselves and their minor children T.P. and T.P., Jr.

701 Lamar Drive
Union Springs, AL 36089
334-421-7759

6