# UNITED STATES DISTRICT COURT FOR THE MIDDLE DISTRICT OF ALABAMA

| | |
|---|---|
| **TERRELL PERRY, ET AL.,** | ) |
| | ) |
|     **PLAINTIFFS,** | ) |
| | ) |
| v. | ) CIVIL ACTION NO.: 1:20-cv-123-ECM-SMD |
| | ) |
| **THE CITY OF DOTHAN, ALABAMA d/b/a WATER WORLD WATER PARK,** | ) |
| | ) |
|     **DEFENDANT.** | ) |

## ANSWER OF DEFENDANT CITY OF DOTHAN, ALABAMA

Comes Now the Defendant City of Dothan, Alabama in the above styled cause, by and through the undersigned attorney and in answer to Plaintiff's Amended Complaint says as follows:

### I.  Jurisdiction & Venue

1. Defendant admits jurisdiction is proper in this Court for this action proceeding under 42 U.S.C. § 2000a and 42 U.S.C. § 1981.

2. Defendant admits venue is proper in the Southern Division of the Middle District of Alabama.

### II.  Parties

3. Defendant admits the allegations contained in paragraph three of Plaintiff's Amended Complaint.

4. Defendant denies the allegations contained in paragraph four of Plaintiff's Amended Complaint.

### III. Statement of Facts

5. Defendant admits the allegations contained in paragraph five of Plaintiff's Amended Complaint.

6. Defendant is without information to either admit or deny the allegations contained in paragraph six of Plaintiff's Amended Complaint. Defendant therefore denies the allegations of paragraph six.

7. Defendant admits the allegations contained in paragraph seven of Plaintiff's Amended Complaint.

8. Defendant is without information to either admit or deny the allegations contained in paragraph eight of Plaintiff's Amended Complaint. Defendant therefore denies the allegations of paragraph eight.

9. Defendant denies the allegations contained in paragraph nine of Plaintiff's Amended Complaint.

10. Defendant denies the allegations contained in paragraph ten of Plaintiff's Amended Complaint.

11. Defendant denies the allegations contained in paragraph 11 of Plaintiff's Amended Complaint.

12. Defendant denies the allegations contained in paragraph 12 of Plaintiff's Amended Complaint.

13. Defendant denies the allegations contained in paragraph 13 of Plaintiff's Amended Complaint.

### IV.   Plaintiffs' First Cause of Action

14. Defendant incorporates its responses to paragraphs one through 14 of Plaintiff's Amended Complaint as if fully and completely set out herein.

15. Defendant admits the allegations contained in paragraph 15 of Plaintiff's Amended Complaint.

16. Defendant denies the allegations contained in paragraph 16 of Plaintiff's Amended Complaint.

17. Defendant denies the allegations contained in paragraph 17 of Plaintiff's Amended Complaint.

18. Defendant denies the allegations contained in paragraph 18 of Plaintiff's Amended Complaint.

18(a)-(d).   These subparagraphs contained in paragraph 18 of Plaintiff's Amended Complaint do not require a response from this Defendant.  Should this Court determine responses are required, the allegations contained in paragraph's 18(a)-(d) are denied.

## V.     Plaintiffs' Second Cause of Action

19.     Defendant incorporates it responses to paragraph one through 18 of Plaintiff's Complaint as if fully and completely set out herein.

20.     Defendant admits the allegations contained in paragraph 20 of Plaintiff's Amended Complaint.

21.     Defendant denies the allegations contained in paragraph 21 of Plaintiff's Amended Complaint.

22.     Defendant denies the allegations contained in paragraph 22 of Plaintiff's Amended Complaint.

23.     Defendant denies the allegations contained in paragraph 23 of Plaintiff's Amended Complaint.

### Prayers for Relief

23(a)-(d) These subparagraphs contained in paragraph 23 of Plaintiff's Amended Complaint do not require a response from this Defendant.  Should this Court determine responses are required, the allegations contained in subparagraphs 23(a)-(d) are denied.

### **AFFIRMATIVE DEFENSES**

### **FIRST AFFIRMATIVE DEFENSE**

Defendant asserts the affirmative defense that Plaintiff has failed to state a claim upon which relief can be granted under either 42 U.S.C. § 2000a or 42 U.S.C. § 1981.

### SECOND AFFIRMATIVE DEFENSE

Defendant asserts the affirmative defense that the actions of the Defendant were conducted in good faith and in the actual and reasonable belief that such actions were legal and proper under the circumstances.

### THIRD AFFIRMATIVE DEFENSE

Defendant asserts that the actions alleged are not the result of any unconstitutional policy, practice or custom of the Defendant or the lack thereof.

### FOURTH AFFIRMATIVE DEFENSE

Defendant asserts that it cannot be held liable under the doctrine of respondeat superior or any other form of derivative liability under any cause of action brought under Federal law as alleged.

### FIFTH AFFIRMATIVE DEFENSE

Defendant asserts the defense of the municipal notice of claim statutes.

### SIXTH AFFIRMATIVE DEFENSE

Defendant asserts all applicable and relevant limits on judgments and claims against municipalities and municipal actions.

## SEVENTH AFFIRMATIVE DEFENSE

Defendant asserts the affirmative defense of business necessity.

## EIGHTH AFFIRMATIVE DEFENSE

Defendant asserts the affirmative defense that the Plaintiffs failed to fulfill their responsibilities according to the posted rules of the facility.

## NINTH AFFIRMATIVE DEFENSE

Defendant asserts the Forager/Burlington affirmative defense.

## TENTH AFFIRMATIVE DEFENSE

Defendant asserts the affirmative defense that it is, and was at all times materially relevant to this cause, committed to providing a recreational environment that is free from all forms of retaliation, discrimination and or harassment based upon a person's race, color, age, sex or religion as defined by appropriate statutes.

## ELEVENTH AFFIRMATIVE DEFENSE

Defendant reserves the right to amend its affirmative defenses during the course of discovery.

Dated this 3rd day of June, 2020.

s/F. Lenton White<br>
F. LENTON WHITE (WHI035)<br>
lwhite@dothan.org<br>
ASB-8223-E68F<br>
Attorney for Defendant

OF COUNSEL:
Office of the City Attorney
126 N. St. Andrews Street
Dothan, Alabama 36303
Telephone: (334) 615-3130
Facsimile: (334) 615-3139

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 3rd day of June, 2020 I electronically filed the foregoing with the Clerk of the Court using the CM/ECF System which sent a copy to the following:

*Julian L. McPhillips, Jr.*
*Chase Estes*
*MCPHILLIPS SHINBAUM, L.L.P.*
*516 S. Perry Street*
*Montgomery, Alabama 36104*
*Phone (334) 262-1911*
*Facsimile (334) 263-2321*
*julianmcphillips@msg-lawfirm.com*


*Johnny L. Adams*
*JOHNNY ADAMS LAW FIRM, LLC*
*324 Ellis Street*
*Union Springs, Alabama 36089*
*johnny@johnnyadamslaw.com*

              s/F. Lenton White_____
              Of Counsel